The defendants, Capital Investment Group, Inc. ("CIG"); J.W. Charles Securities, Inc.; J.W. Charles Clearing Corporation (formerly FICS)[1]; and Randolph N. Strickland, appeal from the trial court's denial of their motion to compel arbitration. We affirm.
This action was filed by Willie V. Woodson on the theories of fraud, misrepresentation, suppression, and fraudulent inducement. Woodson originally sued Strickland and then added Capital Investment Group, Inc., J.W. Charles Securities, Inc., and J.W. Charles Clearing Corporation as defendants based on the theory that Strickland was their agent and that they are therefore vicariously liable for his fraudulent acts.
Woodson retired from the Uniroyal plant in Opelika, Alabama. Upon retiring, he had a choice of accepting a monthly retirement benefit or taking a lump sum payment. After an initial meeting with Strickland (who is a licensed stockbroker), Woodson chose a lump sum payment. Strickland represented to him that Strickland would invest the funds so as to provide Woodson a monthly income for his retirement, through an IRA.
Following the initial meeting, Strickland came to see Woodson again and had him sign a contract referred to as a "Customer's Agreement." That contract contained a predispute arbitration clause. However, none of the defendants signed it. An arbitration clause appearing in the Customer Agreement reads, in part, as follows:
 "14. [The undersigned agrees to arbitrate any] and all controversies arising out of or relating to this agreement or the conduct of the parties hereto which can be lawfully submitted with the rules, then existing, of either the New York Stock Exchange, Inc.; The National Association of Security Dealers, Inc.; or The American Arbitration Association as the undersigned may elect. If the undersigned does not make such election by registered mail addressed to you at your main office within (5) five days after receipt of notification from you requesting such election, then the undersigned authorizes you to make such election on behalf of the undersigned. The award of the arbitrators or a majority of them, may be entered in any state or federal court having jurisdiction. This clause binds the undersigned to submit to arbitration all claims including those which could not otherwise be brought in a judicial forum and those which could be joined to other non-arbitrable claims. . . ."
 "This agreement contains a pre-dispute arbitration clause which is contained in paragraph 14 on page 2. . . ."
 "This agreement contains a binding arbitration clause."
Woodson sued. He claims he has been damaged because, he says, he did not receive the monthly income promised by Strickland and because the total lump sum he invested with Strickland has decreased. Woodson claims that Strickland fraudulently induced him into taking a lump sum payment from Uniroyal instead of a monthly retirement; that on three different occasions Strickland fraudulently obtained checks from Woodson, forged or had Woodson's name forged on them, and deposited the funds in his personal bank account; that he fraudulently induced Woodson to sign the Customer Agreement, without informing him of the arbitration clause; and that he fraudulently induced Woodson into signing cover-up letters to exonerate *Page 1270 
himself of these acts. The defendants filed a motion to compel arbitration. After a hearing on the motion, the trial court ruled:
 "[S]ix elements must exist before binding arbitration is mandated:
 " '(1) That a valid and enforceable written agreement to arbitrate exists; (2) that a dispute exists between the parties; (3) that the dispute is referable to arbitration under the arbitration agreement; (4) that a demand for arbitration was made; (5) that the other party failed or refused to arbitrate; and (6) that the dispute arises from . . . a contract involving interstate commerce.'
 "The requirements of (2), (4), and (5) are met in this case. If the defendants never executed the contract by signing the same, number (1) is not met. The plaintiff's allegation that he was defrauded in that he was persuaded to take a lump sum payment does not arise from the contract and is a separate and distinct matter from the written contract between the parties. If this occurred it probably occurred before the written contract was signed by the plaintiff and is a separate and distinct matter from the matter contained in the writing. This is not a matter which is referable to arbitration under the agreement. The contract involves interstate commerce but the fraud pleaded does not arise from the contract. The requirements of (3) and (6) are not met."
An arbitration agreement must be enforced as any other contract is enforced, in accordance with its terms. Both federal and state courts have consistently held that the duty to arbitrate is a contractual obligation and that a party cannot be required to submit to arbitration any dispute that he did not agree to submit. AT T Technologies, Inc. v.Communications Workers of America, 475 U.S. 643,106 S.Ct. 1415, 89 L.Ed.2d 648 (1986); A.G. Edwards Sons, Inc. v.Clark, 558 So.2d 358 (Ala. 1990). The language of the contract entered into by the parties determines whether a particular dispute should be submitted to arbitration under the contract.Blount International, Ltd. v. James River-Pennington, Inc.,618 So.2d 1344 (Ala. 1993).
Federal law favors arbitration where a reasonable interpretation of the arbitration agreement would cover the dispute. Moses H. Cone Memorial Hospital v. MercuryConstruction Corp., 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765
(1983). However, the necessary relationship between the dispute and the contract is not established simply by showing that the dispute would not have arisen absent the existence of a contract between the parties. A.G. Edwards Sons v. Clark,558 So.2d at 362 (Ala. 1990).
Woodson's original claim of fraudulent inducement stems from a meeting with Strickland that occurred before Woodson saw or signed the Customer Agreement. Woodson argues that Strickland persuaded him to accept a lump sum payment for his retirement before the Customer Agreement with the arbitration clause was presented to him. As stated previously, a party is not required to submit to arbitration any dispute he did not agree to submit. We cannot hold that Woodson agreed to submit anything to arbitration under the Customer Agreement before the agreement was even presented to him. Woodson's allegation of fraud in the inducement to take the lump sum, did not "arise out of" or "relate to" the provisions of the contract.
Absent an abuse of discretion on the part of the trial court, we cannot say the trial court erred in denying the motion to compel arbitration.
AFFIRMED.
ALMON, SHORES, and COOK, JJ., concur.
HOUSTON and BUTTS, JJ., concur in the result.
HOOPER, C.J., and MADDOX, J., dissent.
[1] FICS/J.W. Charles Clearing Corporation is a securities clearing house in North Carolina. *Page 1271