Ealon C. Napier and his sister Laura Godfrey are plaintiffs in an action pending in the Choctaw Circuit Court. They petition for a writ of mandamus directing Judge J. Lee McPhearson to vacate his orders of June 6, 1997, and July 14, 1997, granting the defendants' motions to compel arbitration and ordering the plaintiffs to initiate arbitration proceedings. For the reasons discussed below, we deny the petition.
 I.
On June 24, 1994, Napier and Godfrey purchased a new mobile home from Larry D. Johnson, doing business as Johnson Mobile Homes, for $37,028. They paid $10,000 down, and Green Tree Financial Servicing *Page 51 
Corporation ("Green Tree") provided financing for the balance of the purchase price. Napier and Godfrey executed a "Manufactured Home Retail Installment Contract and Security Agreement" ("the contract"). Napier and Godfrey were named as buyers, and Johnson Mobile Homes was named as seller. The contract contained an assignment to "Green Tree Financial Corp.-MS."[1] Paragraph 21 of the contract contains the following arbitration clause:
 "21. ARBITRATION: All disputes, claims or controversies arising from or relating to this Contract or the relationships which result from this Contract, or the validity of this arbitration clause or the entire Contract, shall be resolved by binding arbitration by one arbitrator selected by Assignee with consent of Buyer(s). This arbitration Contract is made pursuant to a transaction in interstate commerce, and shall be governed by the Federal Arbitration Act at 9 U.S.C. § 1. Judgment upon the award rendered may be entered in any court having jurisdiction. The parties agree and understand that they choose arbitration instead of litigation to resolve disputes. The parties understand that they have a right or opportunity to litigate disputes through a court, but that they prefer to resolve their disputes through arbitration, except as provided herein. THE PARTIES VOLUNTARILY AND KNOWINGLY WAIVE ANY RIGHT THEY HAVE TO A JURY TRIAL EITHER PURSUANT TO ARBITRATION UNDER THIS CLAUSE OR PURSUANT TO A COURT ACTION BY ASSIGNEE (AS PROVIDED HEREIN). The parties agree and understand that all disputes arising under case law, statutory law and all other laws including, but not limited to, all contract, tort and property disputes will be subject to binding arbitration in accord with this contract. The parties agree and understand that the arbitrator shall have all powers provided by the law and the Contract. These powers shall include all legal and equitable remedies including, but not limited to, money damages, declaratory relief and injunctive relief. Notwithstanding anything hereunto [sic] the contrary, Assignee retains an option to use judicial or non-judicial relief to enforce a security agreement relating to the Manufactured Home secured in a transaction underlying this arbitration agreement, to enforce the monetary obligation secured by the Manufactured Home or to foreclose on the Manufactured Home. Such judicial relief would take the form of a lawsuit. The institution and maintenance of an action for judicial relief in a court to foreclose upon any collateral, to obtain a monetary judgment or to enforce the security agreement shall not constitute a waiver of the right of any party to compel arbitration regarding any other dispute or remedy subject to arbitration in this Contract, including the filing of a counter-claim in a suit brought by Assignee pursuant to this provision."
In connection with the sale of the mobile home, Johnson sold to Napier and Godfrey an insurance policy covering the mobile home; the policy was issued by Foremost Insurance Company ("Foremost"). The annual premium was $616 for the policy year 1994-95 and $546 for the policy year 1995-96. John Manning was the agent for Foremost in Alabama who countersigned the mobile home policy. Napier and Godfrey were required by the contract to name Green Tree as an additional insured under any insurance policy they obtained. Green Tree is so designated in the Foremost policy purchased by Napier and Godfrey.
On June 19, 1996, Napier and Godfrey sued Manning, Johnson, Foremost, Green Tree, and certain fictitiously named parties, alleging fraudulent misrepresentation, fraudulent suppression, deceit, and conspiracy to defraud in connection with the sale of the mobile home and the sale of the insurance policy covering the mobile home. They filed the action in the Choctaw Circuit Court. The defendants removed the case to the *Page 52 
United States District Court for the Southern District of Alabama, but that court remanded the case to the Circuit Court of Choctaw County. All of the defendants then filed motions to compel arbitration, and Napier and Godfrey opposed those motions. The trial court granted the motions to compel arbitration. Napier and Godfrey then filed this petition for the writ of mandamus.
 II.
"A writ of mandamus is an extraordinary remedy that requires the showing of: (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty on the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court." Ex parte McNaughton, [Ms. 1961708, August 28, 1998] ___ So.2d ___, ___ (Ala. 1998). A petition for a writ of mandamus is the proper means by which to challenge a trial court's order granting a motion to compel arbitration. Exparte Phelps, 672 So.2d 790 (Ala. 1995). We review an order granting or denying a motion to compel arbitration under an abuse-of-discretion standard. Capital Investment Group, Inc. v.Woodson, 694 So.2d 1268 (Ala. 1997).
 III.
Napier and Godfrey contend that the trial court abused its discretion in compelling arbitration without addressing their contentions that the contract lacked mutuality of remedy and that the contract was unconscionable. In support of their argument that the contract lacked mutuality and that in negotiating they were in an inferior bargaining position, Napier and Godfrey rely on Northcom, Ltd. v. James, 694 So.2d 1329 (Ala. 1997). InNorthcom, two Justices on this Court stated in dictum:
 "[I]n a case involving a contract of adhesion, if it is not shown that the party in an inferior bargaining position had a meaningful choice of agreeing to arbitration or not, and if the superior party has reserved to itself the choice of arbitration or litigation, a court may deny the superior party's motion to compel arbitration based on the doctrines of mutuality of remedy and unconscionability."
694 So.2d at 1338. We rejected this reasoning in Ex parteMcNaughton, ___ So.2d at ___; therefore, Napier and Godfrey's argument regarding the doctrine of mutuality of remedy must fail.
Napier and Godfrey also argue that the trial court abused its discretion in compelling arbitration without requiring a clear showing by the defendants that enforcement of the arbitration clause would not be unconscionable. A court should refuse to enforce an arbitration agreement where the record supports a determination of unconscionability. See Ex parte Dan Tucker AutoSales, Inc., 718 So.2d 33 (Ala. 1998) (Lyons, J., concurring specially). The only evidence submitted on this issue is contained in Laura Godfrey's affidavit, in which she testified that she was 77 years old, did not finish high school, had poor eyesight, had difficulty reading, and could not read small print. Godfrey also testified that Napier, her brother, was 72 years old, did not finish high school, and had difficulty reading. Godfrey has not asserted, however, additional matters that could be germane to a determination of unconscionability, such as a refusal of her request for assistance after she had notified someone that she was unable to see or to understand; her inability to obtain the product made the basis of this action from this seller, or from another source, without having to sign an arbitration clause; the oppressiveness or unfairness of the mechanism of arbitration;[2] or the fairness of a discount or other quid pro quo in exchange for her accepting an arbitration agreement.
Napier and Godfrey again rely on dictum in Northcom to support their argument that the defendants should have the burden of proving that the arbitration clause is not unconscionable, because of the constitutional issues they say are raised by a plaintiff's *Page 53 
contention of unconscionability in the context of an arbitration clause. See Northcom, 694 So.2d at 1339. We reject this argument regarding the allocation of the burden of proof. Under general principles of law, the party asserting the defense of unconscionability has the burden of ploving unconscionability. If we shifted the burden of proof on the issue of unconscionability, because of the implications arising from alleged violations of the Alabama Constitution, then we would violate the principles ofDoctor's Associates, Inc. v. Casarotto, 517 U.S. 681,116 S.Ct. 1652, 134 L.Ed.2d 902 (1996), a case condemning state law that assigns suspect status to arbitration agreements. Napier and Godfrey had the burden of proving that the arbitration clause was unconscionable. They did not present substantial evidence to support a finding of unconscionability.
 IV.
Napier and Godfrey also contend that the trial court abused its; discretion in compelling them to arbitrate their claims against Foremost Insurance Company and its agent Manning, because neither Foremost nor Manning was a signatory to the arbitration agreement. Foremost and Manning contend that the claims against them are so "intimately founded in and intertwined with" the claims against Green Tree and Johnson that all of the claims are subject k) arbitration. See Sunkist Soft Drinks, Inc. v. SunkistGrowers, Inc., 10 F.3d 753, 757 (11th Cir. 1993), cert. denied.513 U.S. 869, 115 S.Ct. 190, 130 L.Ed.2d 123 (1994) (quotingMcBro Planning Dev. Co. v. Triangle Elec. Constr. Co.,741 F.2d 342, 344 (11th Cir. 1984)). Foremost and Manning argue that the scope of the arbitration agreement in this case is broad enough to encompass Napier and Godfrey's claims against them, even though they are not signatories to the contract containing the arbitration agreement and that the plaintiffs' allegations of conspiracy against all defendants connect the claims against the nonsignatory defendants to the claims against the signatory defendants.
In Med Center Cars, Inc. v. Smith, [Ms. 1960214, September 4, 1998] ___ So.2d ___ (Ala. 1998), we examined the question whether claims against nonsignatories were subject to arbitration. Like Foremost and Manning, the nonsignatory defendants in Med CenterCars argued that the scope of the arbitration agreement was broad enough to encompass the claims against them and that the plaintiffs' allegations of conspiracy compelled the arbitration of intertwined claims. However, we concluded in Med Center Cars
that the language of the arbitration agreement was not broad enough to encompass claims against nonsignatories and that the plaintiffs' conspiracy claims, which alleged generally that a combination of defendants had conspired to violate Alabama law, had not been developed sufficiently to allow us to determine which defendants, if any, had conspired against the plaintiffs. We are presented with a different situation in the case before us.
First, the arbitration clause in this case is broad enough to encompass Napier and Godfrey's claims against Foremost and Manning. In Ex parte Gates, 675 So.2d 371 (Ala. 1996), this Court discussed an arbitration clause identical to the arbitration clause in this case. In Ex parte Martin, 703 So.2d 883 (Ala. 1996), the Court, distinguishing Gates, said that the arbitration clause in Gates contained language that was "particularly broad, encompassing not only the `disputes, claims, or controversies arising from' the contract, but also `the relationships' that resulted from it." Martin, 703 So.2d at 886. Insurance coverage for potential physical damage to the mobile home was an indispensable element of the contract executed by Napier and Godfrey, without which Green Tree would not have agreed to finance their purchase. Therefore, the arbitration clause in the contract encompasses disputes arising out of the relationship of insured and insurer that resulted from the contract.
Second, we conclude that Napier and Godfrey's claims against the signatory defendants and those against the nonsignatory defendants are sufficiently intertwined that all claims must be arbitrated. Napier and Godfrey allege that the insurance on their mobile home was "force-placed, " that the defendants misrepresented to them matters such as the necessity for the insurance and *Page 54 
the amount of the insurance, and that certain persons accepted "kickbacks."[3] Furthermore, Napier and Godfrey allege that the four named defendants conspired against them. Their conspiracy allegations state:
 "Defendants schemed, planned, designed, contrived, combined, federated and conspired amongst themselves to misrepresent material facts to the plaintiffs, failed to disclose material facts to the plaintiffs and deceived the plaintiffs.
 "Defendants, JOHNSON, GREEN TREE and/or A through Z, could not complete the scheme to defraud plaintiffs without a co-conspirator located in Alabama to countersign the insurance policy.
 "MANNING, acting individually and in the line and scope of employment with FOREMOST, schemed, planned, designed, contrived, combined, federated, and conspired with JOHNSON, GREEN TREE and/or A through Z to defraud plaintiffs."
Unlike the general conspiracy allegations in Med Center Cars, which did not identify the defendants who were alleged to have been involved in the conspiracy, the complaint in this case makes specific allegations of conspiracy against Foremost and Manning, in addition to Green Tree and Johnson. Therefore, the claims against the nonsignatories have a connection to the claims against the signatories that is sufficient to subject all of the claims to arbitration.
 V.
We conclude that the trial court did not abuse its discretion in granting the defendants' motions to compel arbitration. Napier and Godfrey have not shown a clear legal right to the order they seek. Therefore, their mandamus petition is denied.
WRIT DENIED.
HOOPER, C.J., and MADDOX, HOUSTON, and SEE, JJ., concur.
COOK, J., concurs in the result.
ALMON, SHORES, and KENNEDY, JJ., dissent.
[1] We note that the designation of the assignee in the contract executed by Napier and Godfrey is different from the designation of the Green Tree defendant in this case. None of the parties mentions this discrepancy, however, and Napier and Godfrey do not contend that the Green Tree entity they have sued is not the assignee named in their contract.
[2] For a provocative discussion of concepts of fairness in the context of arbitration of consumer claims, see A Due Process Protocol for Mediation and Arbitration of Consumer Disputes, American Arbitration Association, May 1998.
[3] In Ex parte Isbell, 708 So.2d 571 (Ala. 1997) the Court declined to order arbitration as to claims against a nonsignatory where the plaintiffs claims against the nonsignatory arose out of a separate warranty and not the sales contract. The Court held that the plaintiffs could not be compelled to arbitrate claims arising from the warranty. Here, we are not dealing with a claim arising under the insurance policy but with alleged fraud in the sale of the product with accompanying Insurance.