Donald L. Parker and his wife Christine Parker are plaintiffs in an action pending in the Jefferson Circuit Court. They petition for a writ of mandamus directing Judge Arthur J. Hanes to vacate his order of March 17, 1998, granting the defendants' motions to compel arbitration. For the reasons discussed below, we deny the petition.
 I.
On January 20, 1994, the Parkers purchased a mobile home from Pelham Housing, Inc. The Parkers executed a "Manufactured Home Retail Installment Contract and Security Agreement" ("the contract"). The contract contained an assignment to Green Tree Financial Corporation, which provided financing for the Parkers' mobile-home purchase. Paragraph 17 of the contract contains the following arbitration clause:
 "17. ARBITRATION: All disputes, claims, or controversies arising from or relating to this Contract or the relationships which result from this Contract, or the validity of this arbitration clause or the entire Contract, shall be resolved by binding arbitration by one arbitrator selected by Assignee with consent of Buyer(s). This arbitration Contract is made pursuant to a transaction in interstate commerce, and shall be governed by the Federal Arbitration Act at 9 U.S.C. § 1. Judgment upon the award rendered may be entered in any court having jurisdiction. The parties agree and understand that they choose arbitration instead of litigation to resolve disputes. The parties understand that they have a right or opportunity to litigate disputes through a court, but that they prefer to resolve their disputes through arbitration, except as provided herein. THE PARTIES VOLUNTARILY *Page 170 
AND KNOWINGLY WAIVE ANY RIGHT THEY HAVE TO A JURY TRIAL EITHER PURSUANT TO ARBITRATION UNDER THIS CLAUSE OR PURSUANT TO A COURT ACTION BY ASSIGNEE (AS PROVIDED HEREIN). The parties agree and understand that all disputes arising under case law, statutory law, and all other laws including, but not limited to, all contract, tort, and property disputes will be subject to binding arbitration in accord with this Contract. The parties agree and understand that the arbitrator shall have all powers provided by the law and the Contract. These powers shall include all legal and equitable remedies, including, but not limited to, money damages, declaratory relief, and injunctive relief. Notwithstanding anything hereunto [sic] the contrary, Assignee retains an option to use judicial or non-judicial relief to enforce a security agreement relating to the Manufactured Home secured in a transaction underlying this arbitration agreement, to enforce the monetary obligation secured by the Manufactured Home or to foreclose on the Manufactured Home. Such judicial relief would take the form of a lawsuit. The institution and maintenance of an action for judicial relief in a court to foreclose upon any collateral, to obtain a monetary judgment, or to enforce the security agreement shall not constitute a waiver of the right of any party to compel arbitration regarding any other dispute or remedy subject to arbitration in this Contract, including the filing of a counterclaim in a suit brought by Assignee pursuant to this provision."
On December 5, 1997, the Parkers sued Green Tree Financial Corporation and Green Tree Financial Corp-Alabama (collectively referred to as "Green Tree") and Pelham Housing, alleging that Green Tree had improperly imposed prepayment penalties contrary to representations the Parkers said were made to them when they purchased the mobile home. The Parkers sought equitable relief and monetary damages based on an alleged breach of contract and fraud. The parties state that the defendants then filed motions to compel arbitration and that the Parkers opposed those motions.[1] The trial court granted the motions to compel arbitration. The Parkers then filed this petition for the writ of mandamus.
 II.
"A writ of mandamus is an extraordinary remedy that requires the showing of: (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty on the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court." Ex parte McNaughton, [Ms. 1961708, August 28, 1998] 728 So.2d 592,594 (Ala. 1998). A petition for a writ of mandamus is the proper means by which to challenge a trial court's order granting a motion to compel arbitration. Ex parte Phelps, 672 So.2d 790 (Ala. 1995). We review an order granting or denying a motion to compel arbitration under an abuse-of-discretion standard. Capital Inv. Group, Inc. v. Woodson, 694 So.2d 1268 (Ala. 1997).
 III.
The Parkers contend that the trial court abused its discretion in compelling arbitration because, they argue, the contract lacked mutuality of remedy and was unconscionable.
 A.
In support of their argument that the contract is one of adhesion, that the contract lacked mutuality, and that they were given no opportunity to negotiate any of the terms of the contract, the Parkers rely on Northcom, Ltd. v. James, 694 So.2d 1329 (Ala. 1997). In Northcom, two Justices on this Court stated in dictum:
 "[I]n a case involving a contract of adhesion, if it is not shown that the party in an inferior bargaining position had a meaningful choice of agreeing to arbitration or not, *Page 171 
and if the superior party has reserved to itself the choice of arbitration or litigation, a court may deny the superior party's motion to compel arbitration based on the doctrines of mutuality of remedy and unconscionability."
694 So.2d at 1338. We rejected this reasoning in Ex parte McNaughton, 728 So.2d at 597, where we pointed out that the authority relied on in the dictum had been rejected by other courts considering the issue. The Parkers' argument regarding the doctrine of mutuality of remedy must therefore fail. See, also, Ex parte Napier, 723 So.2d 49 (Ala. 1998).
 B.
The Parkers also contend that the trial court abused its discretion in compelling arbitration because, they argue, the doctrine of unconscionability invalidates the arbitration provision. A court should refuse to enforce an arbitration agreement where the record supports a determination of unconscionability. See Ex parte Napier (citing Ex parte Dan Tucker Motor Sales, Inc., 718 So.2d 33 (Ala. 1998) (Lyons, J., concurring specially)). The only evidence submitted on this issue is contained in the Parkers' affidavits. Donald Parker testified that he dropped out of school in the 10th grade; that he had had no other formal education; that he had not received a G.E.D. certificate; and that he had "extreme difficulty reading and [was] currently being tutored in reading." Christine Parker testified that she dropped out of school in the 11th grade; that she had had no other formal education; and that she had not received a G.E.D. certificate.
The Parkers have not asserted, however, additional matters that this Court has recognized as material to a determination of unconscionability, such as "a refusal of [their] request for assistance after [they] had notified someone that [they were] unable to see or to understand; [their] inability to obtain the product made the basis of this action from this seller, or from another source, without having to sign an arbitration clause; the oppressiveness or unfairness of the mechanism of arbitration; or the fairness of a discount or other quid pro quo in exchange for [their] accepting an arbitration agreement." Ex parte Napier, 723 So.2d at 52 (footnote omitted).
The Parkers maintain that an arbitration provision that lacks mutuality of remedy is unconscionable. In their affidavits, both Donald and Christine Parker testified:
 "The financial terms of the Contract, such as the sales price, interest rate, number of payments, and finance charge, were shown to us. No other terms of the Contract were shown or explained to us. We were given no opportunity to negotiate any term of the Contract. We were not told that the Contract contained arbitration provisions, and we were not told that we were forfeiting our right to a jury trial. We were simply shown where to sign the Contract. We understood that it was necessary for us to sign the Contract if we wanted to buy the mobile home that we had selected."
They rely on Layne v. Garner, 612 So.2d 404 (Ala. 1992), in which this Court stated that the trial court should consider the following factors in determining whether a contract or one of its provisions is unconscionable:
 "In addition to finding that one party was unsophisticated and/or uneducated, a court should ask (1) whether there was an absence of meaningful choice on one party's part, (2) whether the contractual terms are unreasonably favorable to one party, (3) whether there was unequal bargaining power among the parties, and (4) whether there were oppressive, one-sided, or patently unfair terms in the contract."
612 So.2d at 408. The Parkers insist that all of those factors are present here.
The Parkers' argument has merit to the extent that the lack of mutuality of remedy can be one factor, along with others, that a court may consider in determining whether an arbitration clause is unconscionable. The lack of mutuality of remedy alone, however, is not sufficient to support a claim of unconscionability. See Ex parte McNaughton.
The Parkers had the burden of proving that the arbitration clause was unconscionable. They did not present substantial evidence that would support a finding that it *Page 172 
was. See Ex parte Napier, in which this Court concluded that an arbitration clause identical to the one in the Parkers' contract was not unconscionable.
 IV.
We conclude that the trial court did not abuse its discretion in granting the defendants' motions to compel arbitration. The Parkers have not shown a clear legal right to the order they seek. Therefore, their mandamus petition is denied.
WRIT DENIED.
Hooper, C.J., and Maddox, Houston, See, and Brown, JJ., concur.
Kennedy, J., concurs specially.
Cook, J., concurs in the result.
[1] The Parkers state in their petition that "Green Tree and Pelham Housing" moved to compel arbitration. Although this Court has been provided only with a copy of the motion to compel arbitration filed by the Green Tree defendants, the trial judge apparently compelled arbitration as to all defendants.