Tanya Belser sued Brewbaker Motors, Inc. ("Brewbaker"), seeking damages based on allegations of false imprisonment; negligence, recklessness, or wantonness; malicious prosecution; fraud; and the tort of outrage. Brewbaker filed a motion to compel arbitration, based on an arbitration agreement contained in a repair invoice Belser had signed. The trial court denied the motion. Brewbaker appeals from the order denying its motion to compel arbitration. We affirm.
 Facts
On October 7, 1998, Brewbaker allowed Belser to use a loaner vehicle while her vehicle was being repaired. Brewbaker subsequently reported that the loaner vehicle had been stolen. After the vehicle had been reported as stolen, Belser was stopped while driving the loaner vehicle and arrested. When the Montgomery Police Department contacted Brewbaker concerning the alleged theft, its employees initially denied knowing Belser or knowing that she had left a vehicle for repair. Belser was released from police custody after Craig Lyne, a service manager for Brewbaker, informed the police department that the vehicle had not been stolen, but had been loaned to Belser while her vehicle was being repaired.
Belser testified in an affidavit that when she went to the Brewbaker office to retrieve her vehicle, Brewbaker employees told her she had to sign an invoice containing an arbitration agreement in order to obtain her vehicle. She further testified that she signed that document because she felt she had no choice not to sign it, because she had already been arrested earlier that day.
In support of its motion to compel arbitration, Brewbaker relied on the arbitration provision contained in the document Belser signed on the day she had been arrested. That provision stated:
 "CUSTOMER AND DEALER AGREE THAT ALL CLAIMS, DEMANDS, DISPUTES OR CONTROVERSIES OF EVERY KIND OR NATURE THAT MAY ARISE BETWEEN THEM CONCERNING ANY OF THE NEGOTIATIONS FOR AND PERFORMANCE OF SERVICE OR REPAIRS TO THE VEHICLE, CHARGES FOR AND ADEQUACY OF SUCH SERVICE AND REPAIRS, AND ALL OTHER ASPECTS OF THE SERVICE AND REPAIRS PERFORMED ON THE VEHICLE SHALL BE SETTLED BY BINDING ARBITRATION CONDUCTED PURSUANT TO THE PROVISIONS OF 9 U.S.C. § 1 et seq. AND ACCORDING TO THE COMMERCIAL RULES OF THE AMERICAN ARBITRATION ASSOCIATION EITHER PARTY MAY DEMAND ARBITRATION BY FILING WITH THE AMERICAN ARBITRATION ASSOCIATION A WRITTEN DEMAND FOR ARBITRATION, ALONG WITH A STATEMENT OF THE MATTER IN CONTROVERSY. THE CUSTOMER AND DEALER AGREE THAT THE ARBITRATION *Page 112 
PROCEEDINGS TO RESOLVE ALL SUCH DISPUTES SHALL BE CONDUCTED IN THE CITY OF MONTGOMERY, ALABAMA."
After hearing arguments on the motion to compel arbitration, the trial court entered an order denying the motion. The order did not state the court's reasons for denying the motion.
 Discussion I.
An appeal is the proper method for challenging a trial court's order denying a motion to compel arbitration. A.G.Edwards Sons, Inc. v. Clark, 558 So.2d 358 (Ala. 1990). When an appellate court reviews a trial court's denial of a motion to compel arbitration, the reviewing court applies a de novo standard of review. First American Title Ins. Corp. v. Silvernell,744 So.2d 883 (Ala. 1999).
 II.
Brewbaker contends that Belser's claims are within the scope of the arbitration agreement. We disagree. Brewbaker argues that Belser's claims concern "the negotiations for . . . service or repairs to the vehicle . . . [or] other aspects of the service and repairs performed on the vehicle." Brewbaker contends that Belser's claims relate to the negotiation of the agreement to allow Belser to use a loaner vehicle while her vehicle was being repaired.
When interpreting a contract, a court should give the terms of the contract their clear and plain meaning and should presume that the parties intended to do what the terms of the agreement clearly state. See Pacific Enters. Oil Co. (USA) v. HowellPetroleum Corp., 614 So.2d 409 (Ala. 1993). Moreover, any ambiguity in a contract is construed against the drafter. SeeStrickland v. General Motors Acceptance Corp., 578 So.2d 1275
(Ala. 1991).
The arbitration agreement in this case applies to disputes "concerning any of the negotiations for and performance of service or repairs to the vehicle . . . and all other aspects of the service and repairs performed on the vehicle." The record does not suggest that Belser paid a fee for using the loaner vehicle, nor does the record suggest that the parties "negotiated" for Brewbaker to give Belser a loaner vehicle as a condition to her having her vehicle repaired by Brewbaker. Rather, the record demonstrates that Belser had been using the loaner vehicle for two months before she was arrested, and that she signed the invoice containing the arbitration provision later on the same day she had been arrested. Thus, the invoice containing the arbitration provision was signed after the actions that are the basis of Belser's complaint had occurred.
The agreement, by its terms, applies to service and repair on Belser's own vehicle. The claims Belser asserted based on her arrest, which occurred while she was using the loaner vehicle, are not within the scope of the arbitration agreement. Accordingly, we affirm the trial court's order denying the motion to compel arbitration.
AFFIRMED.
Hooper, C.J., and Houston, See, and Brown, JJ., concur.