STUART, Justice.
The Morgan County Commission (“the Commission”) petitions this Court for a writ of mandamus directing the Morgan Circuit Court to vacate its order denying the Commission’s motion for mediation and to enter an order ordering mediation and appointing a mediator. We grant the petition and issue the writ.

Facts

The underlying civil action was filed by Thelma Sue Eckles, the widow of Jimmy 0. Eckles and the beneficiary of a life-insurance policy issued on Jimmy’s life by Fort Dearborn Life Insurance Company, after she allegedly received less benefits than she maintains the policy provided for. Eckles, an employee of the Commission, sued Fort Dearborn and The Wenzler Agency, Inc., the agent that sold the Commission the Fort Dearborn life-insurance policy on Jimmy’s life. Fort Dearborn filed a third-party complaint against the Commission to recover any damages Eck-les might recover from Fort Dearborn. The Commission filed a motion, citing § 6-6-20(b)(2), Ala.Code 1975, and Rule 2, Alabama Civil Court Mediation Rules, asking the Morgan Circuit Court to require the parties to submit all issues in the case to mediation. The circuit court denied the motion, stating that the court was “of the opinion that mediation [was] not appropriate at this time.”

Standard of Review

“ ‘ “A writ of mandamus is an extraordinary remedy that requires the showing of: (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty on the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court.” Ex parte McNaughton, [728 So.2d 592, 594] (Ala.1998).
“Ex parte Napier, 723 So.2d 49, 52 (Ala.1998).”
Ex parte Southern United Fire Ins. Co., 843 So.2d 151, 154-55 (Ala.2002) (footnote omitted).

Discussion

The Commission contends that the circuit court exceeded the scope of its authority in denying the Commission’s request for mediation.
Section 6-6-20, Ala.Code 1975, provides:
*1147 “(a) For purposes of this section, ‘mediation’ means a process in which a neutral third party assists the parties to a civil action in reaching their own settlement but does not have the authority to force the parties to accept a binding decision.
“(b) Mediation is mandatory for-all parties in the following instances:
“(1) At any time where all parties agree.
“(2) Upon motion by any party. The party asking for mediation shall pay the costs of mediation, except attorney fees, unless otherwise agreed.
“(3) In the event no party requests mediation, the trial court may, on its own motion, order mediation. The trial court may allocate the costs of mediation, except attorney fees, among the parties.
“(c) If any party fails to mediate as required by this section, the court may apply such sanctions as it deems appropriate pursuant to Rule 37 of the Alabama Rules of Civil Procedure. ...”
(Emphasis added.) See also Mackey v. Mackey, 799 So.2d 203 (Ala.Civ.App.2001) (recognizing that if a party moves for mediation pursuant to § 6-6-20(b)(2), Ala. Code 1975, a trial court is required to order mediation).
Rule 2 of the Alabama Civil Court Mediation Rules also recognizes that a court is required to order mediation if one party so requests, stating:
“Parties to a civil action may engage in mediation by mutual consent at any time. The couri in which an action is pending shall order mediation when one or more parties request mediation or it may order mediation on its own motion. In all instances except where the request for mediation is made by only one party, the court may allocate the costs of mediation, except attorney fees, among the parties. In cases in which only one party requests mediation, the party requesting mediation shall pay the costs of mediation, except attorney fees, unless the parties agree otherwise.
“Upon entry of an order for mediation, the proceedings as to the dispute in mediation may be stayed for such time as set by the court in its order of mediation. Upon motion by any concerned party, the court may, for good cause shown, extend the time of the stay for such length of time as the court may deem appropriate.”
(Emphasis added.)
Although a trial court has discretion as to whether to stay the proceedings during the mediation, the trial court has to order mediation upon request of a party. See Comment to Amendment to Rule 2 Effective June 26, 2002, which states:
“Section 6-6-20, Ala.Code 1975, allows one party to require a court to order mediation of a dispute, irrespective of the position of any other party to the dispute. ...
[[Image here]]
“Rule 2 as originally adopted provided in the last paragraph that the underlying proceedings ‘shall be stayed’; the change to ‘may be stayed’ provides greater flexibility to courts and disputants in staying all or part of a dispute during the course of mediation.”
Here, the circuit court exceeded the scope of its discretion in denying the Commission’s request for mediation. Although the circuit court has discretion to determine whether to stay any or all of the proceedings during mediation, it does not have the discretion to deny the Commission’s motion for mediation.

*1148
Conclusion

The Commission has properly invoked the jurisdiction of this Court, it has no other remedy, and it has established a clear legal right to mediation; the circuit court has an imperative duty to order mediation, pursuant to § 6-6-20(b)(2), Ala. Code 1975. Therefore, we grant the Commission’s petition and direct the Morgan Circuit Court to vacate its order denying mediation and to enter an order ordering mediation, pursuant to § 6 — 6—20(b), Ala. Code 1975.
PETITION GRANTED; WRIT ISSUED.
COBB, C.J., and LYONS, BOLIN, and MURDOCK, JJ., concur.