HOUSTON, Justice
(dissenting).
The specific enforcement of a predispute arbitration agreement violates both Alabama statutory law and Alabama public policy, unless federal law preempts them. Lopez v. Home Buyers Warranty Corp., 670 So.2d 35 (Ala.1995). The Federal Arbitration Act preempts contrary state law and, thus, renders enforceable a predispute arbitration agreement contained in a contract that “involves” interstate commerce. Jim Burke Automotive, Inc. v. Beavers, 674 So.2d 1260 (Ala.1995), citing Allied-Bruce Terminix Companies, Inc. v. Dobson, 513 U.S. 265, 115 S.Ct. 834, 130 L.Ed.2d 753 (1995). It goes without saying that the parties will not be required to arbitrate any dispute that they did not agree to arbitrate. First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995); Mastrobuono v. Shearson Lehman Hutton, Inc., 514 U.S. 52, 115 S.Ct. 1212, 131 L.Ed.2d 76 (1995); Volt Info. Sciences, Inc. v. Board of Trustees of Leland Stanford Junior University, 489 U.S. 468, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989); A.G. Edwards & Sons, Inc. v. Clark, 558 So.2d 358 (Ala.1990); Ala.Code 1975, § 8-1-41(3). It appears from the materials presented that the contract at issue in the present case “involves” interstate commerce (the coal extracted by Apex was sold out of state), within the meaning of the Federal Arbitration Act. See Hurst v. Tony Moore Imports, Inc., 699 So.2d 1249 (Ala.1997). Therefore, the dispositive issue is whether the parties agreed to submit this dispute to arbitration.
The trial court held that the dispute was arbitrable under Paragraph 23, because that paragraph refers to disputes over “the sum paid for ... services.” Basically, this is an action to determine whether Warco and Gulf States (as successor to Warco) paid Apex all that it should have been paid under the contract. The gravamen of Apex’s allegations is that Warco and Gulf States improperly charged it a brokerage fee and, therefore, that it was not paid the full amount due under the contract for the coal extraction services that it had provided. The 6th and 23rd paragraphs of the contract clearly contemplate the arbitration of any dispute arising out of the mining operations concerning “the sum paid for the services rendered War-co [and Gulf States] by [Apex].” To me, those paragraphs are broad enough in scope to encompass the present dispute.
Because, in my view, the arbitration clauses in the contract cover the instant dispute over the brokerage fee, I conclude that Apex and Warco had an agreement to arbitrate this dispute. Apex has failed to demonstrate to me that it has a clear legal right to the relief requested, Ex parte State ex rel. McKinney, 575 So.2d 1024 (Ala.1990); therefore, I would not direct the trial court to set aside its order compelling arbitration.
HOOPER, C.J., and MADDOX and SEE, JJ., concur.