748 So.2d 869 (1999)
ROGERS FOUNDATION REPAIR, INC.
v.
Jeanne POWELL.
Daniel Powell and Jeanne Powell
v.
Rogers Foundation Repair, Inc.
Ex parte Daniel Powell.
Re Daniel Powell and Jeanne Powell
v.
Rogers Foundation Repair, Inc.
1980717, 1980797, and 1980909.
Supreme Court of Alabama.
November 5, 1999.
*870 Jeffrey L. Luther and Betsy M. Turner of Luther, Oldenburg & Rainey, P.C., Mobile, for Rogers Foundation Repair, Inc.
Edward P. Turner, Jr., and E. Tatum Turner of Turner, Onderdonk, Kimbrough & Howell, P.A., Chatom, for Daniel Powell and Jeanne Powell.
JOHNSTONE, Justice.
The ultimate issue in all three matters before us for review is whether or not, under the particular facts of this case, the arbitration provisions in a contract may be specifically enforced by the defendant against the plaintiffs. We hold that the arbitration provisions cannot be specifically enforced.
Plaintiff Daniel Powell engaged Rogers Foundation Repair, Inc. (hereinafter, "Rogers"), to repair the chimney of the residence Powell jointly owned with his wife Jeanne. Rogers and Mr. Powell, but not Mrs. Powell, signed a contract which included arbitration provisions as follows:
"ARBITRATION: It is acknowledged by Owner and Contractor that the work performed pursuant to this Contract involves or affects interstate commerce. Accordingly, Owner and Contractor mutually agree [that] any and all disputes arising with regard to work performed pursuant to this Contract, including but not limited to workmanship, performance, quality of work performed, compensation of Contractor, for the work contemplated by this Agreement, compensation of Contractor for extra work performed in addition to work contemplated by this Agreement, and any and all other disputes arising between Owner and Contractor of any kind or nature whatsoever in any way arising from the performance of any work contemplated by this Agreement shall be resolved by binding arbitration to be conducted pursuant to the Commercial Rules of the American Arbitration Association." (C. 43.) (Emphasis added.)
After two Rogers employees excavated around the foundation of the chimney, the chimney collapsed into the Powells' yard, and, sometime thereafter, the brick facing of the fireplace fell into the Powells' living room.
The Powells sued Rogers, which filed a motion to compel arbitration. The trial court granted Rogers's motion in part and denied it in part. Specifically, the trial court ordered Mr. Powell to arbitrate his claims against Rogers. Mr. Powell, seeking review of this order, petitions us for a writ of mandamus directing the trial court to vacate its order compelling him to arbitrate. On the other hand, the trial court denied Rogers's motion to compel arbitration insofar as it addressed Mrs. Powell's claims. Rogers appeals this denial. Responding *871 to this appeal, both Mr. and Mrs. Powell have filed a cross-appeal of the order compelling Mr. Powell to arbitrate his claims.
For our review, we have consolidated the petition, the appeal, and the crossappeal. Because we hold that the arbitration provisions of the contract cannot be specifically enforced against either of the Powells, we grant the petition sought by Mr. Powell, and we affirm the trial judge's partial denial of Rogers's motion to compel arbitration. These dispositions of the petition and the appeal render the cross-appeal moot.
The undisputed facts follow. The Powells are Alabama residents. Rogers is an Alabama corporation. The house with the chimney is located in Washington County, Alabama. The contract containing the arbitration provisions was negotiated and signed by Rogers and Mr. Powell in Alabama. Rogers's two employees used in the attempted repair of the chimney were also Alabama residents. The only equipment used by Rogers on this job was a shovel. The record contains no evidence that the shovel or anything else pertaining to this case traveled in interstate commerce. Rogers used no materials, as distinguished from equipment (the shovel), on this job.
The factual submission to the trial judge was entirely upon written materials pleadings, depositions, interrogatory answers, exhibitsand not on any live testimony. When a trial judge's ruling is not based substantially on testimony presented live to the trial judge, review of factual issues is de novo. Eubanks v. Hale, [Ms. 1980596, August 20, 1999] ___ So.2d ___ (Ala.1999). "[W]here the trial court's ruling rests upon a construction of facts indisputably established, this Court indulges no presumption of correctness in favor of the lower court's ruling." Alabama Farm Bureau Mut. Cas. Ins. Co. v. Dyer, 454 So.2d 921, 923-24 (Ala.1984). See also, Beavers v. Walker County, 645 So.2d 1365, 1372 (Ala.1994) ("[W]here the facts are not disputed the ore tenus standard does not apply."). "`[W]hen a trial court sits in judgment on facts that are undisputed, an appellate court will determine whether the trial court misapplied the law to those undisputed facts.'" Harris v. McKenzie, 703 So.2d 309, 313 (Ala.1997) (quoting Craig Constr. Co., Inc. v. Hendrix, 568 So.2d 752, 756 (Ala.1990)). The ore tenus "standard's presumption of correctness has no application to a trial court's conclusions on questions of law." Beavers, 645 So.2d at 1372. "[O]n appeal, the ruling on a question of law carries no presumption of correctness, and this Court's review is de novo." Ex parte Graham, 702 So.2d 1215, 1221 (Ala.1997).
The Powells cite caselaw invoking § 8-1-41(3), Ala.Code 1975, prohibiting the specific enforcement of arbitration agreements. Rogers, however, cites the preemptive effect of the Federal Arbitration Act, 9 U.S.C. § 1 et seq.
The crucial issue is whether the contract or transaction satisfies the interstate-commerce criterion for the applicability of the Federal Arbitration Act, 9 U.S.C. § 2, which, in pertinent part, reads as follows:
"A written provision in ... a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."
To satisfy the interstate-commerce criterion, the involvement of, or effect on, interstate commerce must be substantial. Southern United Fire Ins. Co. v. Knight, 736 So.2d 582, 585 (Ala.1999). There this Court explains:
"The Federal Arbitration Act (`FAA'), 9 U.S.C. § 1 et seq., preempts contrary state law (specifically, contrary law based on Ala.Code 1975, § 8-1-41(3) and public policy) and renders enforceable a written predispute arbitration agreement but only if that agreement appears *872 in a contract evidencing a transaction that `involves' interstate commerce. Jim Burke Automotive, Inc. v. Beavers, 674 So.2d 1260 (Ala.1995); Lopez v. Home Buyers Warranty Corp., 670 So.2d 35 (Ala.1995). This Court has held that even an intrastate transaction `involves' interstate commerce if it has a substantial effect on the generation of goods or services for interstate markets and their distribution to the consumer. See Delta Construction Corp. v. Gooden, 714 So.2d 975 (Ala.1998), citing Hurst v. Tony Moore Imports, Inc., 699 So.2d 1249 (Ala.1997)." (Emphasis added.)
This Alabama jurisprudence is consistent with United States v. Lopez, 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995), a criminal case, which holds:
"[O]ur case law has not been clear whether an activity must `affect' or `substantially affect' interstate commerce in order to be within Congress' power to regulate it under the Commerce Clause.... We conclude, consistent with the great weight of our case law, that the proper test requires an analysis of whether the regulated activity `substantially affects' interstate commerce."
(Emphasis added.)
514 U.S. at 559, 115 S.Ct. 1624.
No evidence whatsoever tends to prove the physical reality of any involvement of or effect on interstate commerce, much less any substantial effect on interstate commerce or the generation of goods or services therein. Rogers relies entirely on the recitation in the arbitration section of the contract that, "It is acknowledged by Owner and Contractor that the work performed pursuant to this Contract involves or affects interstate commerce." This recitation does not prove that the acknowledged involvement of or effect on interstate commerce is substantial. Because Rogers drafted the contract, it will be construed strictly against Rogers. Lilley v. Gonzales, 417 So.2d 161 (Ala.1982), and Jewell v. Jackson & Whitsitt Cotton Co., 294 Ala. 112, 313 So.2d 157 (1975).
Because the record contains no proof that the contract or transaction in this case involved or affected interstate commerce substantially so as to satisfy the interstate-commerce criterion for the applicability of the Federal Arbitration Act, that Act does not apply to this contract or transaction. Rather, Alabama law, and specifically § 8-1-41(3), Ala.Code 1975, applies to prohibit specific enforcement of "[a]n agreement to submit a controversy to arbitration." On uncontroverted evidence, the trial court erroneously applied the Federal Arbitration Act, violated § 8-1-41(3), and ordered the specific enforcement of the arbitration section of the contract against the plaintiff-petitioner Daniel Powell. Thus, he is entitled to a writ of mandamus directing the trial court to vacate its order compelling him to arbitrate.
Because the Federal Arbitration Act does not govern the contract or transaction in this case, as already explained, and because § 8-1-41(3) prohibits specific enforcement of the arbitration provisions in the contract, even if, arguendo, the nonsignatory Jeanne Powell were deemed bound by the contract, the trial court is correct in its refusal to compel her to arbitrate her claims against Rogers. Although the appellate courts will not reverse a trial court on any ground not presented to the trial court, Norman v. Bozeman, 605 So.2d 1210 (Ala.1992), the appellate courts will affirm the trial court if its ruling is correct on any valid ground or rationale, even one rejected or not considered by the trial court, McKenzie Methane Corp. v. M-W Drilling, Inc., 653 So.2d 982 (Ala.1995), and Smith v. Equifax Services, Inc., 537 So.2d 463 (Ala.1988). Accordingly, the partial denial of Rogers's motion to compel arbitration is affirmed. This holding makes unnecessary any analysis of the issue whether or not Mrs. Powell's status as a nonsignatory prevents her from being bound by the arbitration provisions in the contract.
*873 These holdings on Daniel Powell's petition for writ of mandamus and on Rogers's appeal render Daniel and Jeanne Powell's cross-appeal moot.
1980717AFFIRMED.
1980797DISMISSED AS MOOT.
1980909WRIT GRANTED.
HOOPER, C.J., and MADDOX, COOK, BROWN, and ENGLAND, JJ., concur.
SEE, J., concurs specially.
LYONS, J., concurs in cases 1980797 and 1980909 and concurs in the result in case 1980717.
HOUSTON, J., concurs in cases 1980717 and 1980797.
SEE, Justice (concurring specially).
I concur, and I write only to clarify my position on this issue. Section 2 of the Federal Arbitration Act, 9 U.S.C. § 2, provides in pertinent part:
"A written provision in any ... contract evidencing a transaction involving [interstate] commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."
Thus, federal law requires that where the FAA applies, "trial courts are required to stay or dismiss proceedings and to compel arbitration when the parties have entered into a valid contract containing an arbitration agreement, and a trial court's denial of a motion to compel arbitration is subject to appeal." Jim Burke Automotive, Inc. v. Murphy, 739 So.2d 1084 (Ala.1999). By force of Article VI of the Constitution of the United States (the Supremacy Clause), the FAA applies in state courts when an arbitration provision is part of a contract that affects interstate commerce. See, e.g., Government of the Virgin Islands v. United Indus. Workers, N.A., 169 F.3d 172 (3d Cir.1999).
On the other hand, when an arbitration provision is not part of a contract that affects interstate commerce, Alabama law determines whether the provision is enforceable. Under Alabama law, predispute arbitration clauses cannot be specifically enforced. See Ala.Code 1975, § 8-1-41. Because the predispute arbitration provision in this case was not part of a contract that affects interstate commerce, Alabama law, and not the FAA, governs. Accordingly, Rogers Foundation Repair, Inc., was not entitled to an order compelling arbitration of the claims filed against it by Daniel and Jeanne Powell.