HOUSTON, Justice
(dissenting).
I would grant Vesta Fire Insurance Company’s application for rehearing.
On original submission, I concurred in issuing the writ of mandamus directing the trial judge to vacate his order compelling arbitration of David Lovejoy’s claims against Vesta. However, I am now persuaded that Vesta, a nonsignatory to the contract containing the arbitration agreement at issue, is a third-party beneficiary of that contract. To the extent that Love-joy seeks damages from Vesta based on claims relating to or arising out of the contract containing the arbitration provision, Vesta is entitled to have those claims arbitrated. Ex parte Stamey, 776 So.2d 85 (Ala.2000).
This Court will affirm the ruling of a trial court if that ruling is right for any reason, even a reason not presented to or considered by the trial judge. Premiere Chevrolet, Inc. v. Headrick, 748 So.2d 891, 893 (Ala.1999). Certainly, we should not issue a writ of mandamus if the- trial court’s order is right for any reason. See Rogers Foundation Repair, Inc. v. Powell, 748 So.2d 869, 872 (Ala.1999).
STUART, J., concurs.