826 So.2d 782 (2001)
Ex parte James M. LEARAKOS.
(Re James M. Learakos v. Connie R. Olsen et al.)
1000244.
Supreme Court of Alabama.
July 13, 2001.
Opinion Overruling Application for Rehearing February 8, 2002.
*783 Scott E. Denson of McCleave, Allenstein & Denson, L.L.C., Mobile; and Stephen M. Middleton, Foley, for petitioner.
Forrest S. Latta, Edward G. Bowron, and Kevin L. Boucher of Pierce, Ledyard, Latta, Wasden & Bowron, P.C., Mobile for respondents ERA Class.Com., Inc., and Patricia C. Alexander.
JOHNSTONE, Justice.
The plaintiff James M. Learakos petitions this Court for a writ of mandamus directing the Baldwin County Circuit Court to vacate its order compelling arbitration of his claims against defendant ERA Class.Com, Inc. ("Class.Com"), the only respondent. The plaintiff argues that his claims are not subject to arbitration under the Federal Arbitration Act ("FAA") because the contract containing the arbitration clause he executed does not substantially affect interstate commerce. We agree.
A homeowner, Mr. Also Bernabo, listed his house in Orange Beach, Baldwin County, Alabama, for sale with defendant Class.Com, a real estate brokerage firm. Another defendant, Patricia Alexander, a Class.Com agent, obtained the listing for Class.Com.
On February 4, 1999, the plaintiff Learakos agreed to purchase the house. Class.Com and another of its agents, defendant Connie Olsen, represented both the seller Bernabo and the plaintiff Learakos in the sale.
The "ERA Class.Com, Inc., Purchase Agreement" named "ERA Class.Com" as the "selling company." The purchase agreement was signed by Learakos, whose signature was witnessed by Olsen. The purchase agreement contained an arbitration clause reading:
"IF THERE IS ANY DISPUTE between or among Seller, Buyer, or any brokers concerning this purchase agreement or the subject property, such dispute shall be satisfied by binding arbitration under the American Arbitration Commercial Rules then in effect. All parties waive their rights to commence any action in any court of law, and all parties shall be bound by the decision of the arbitrators. If ERA Class.Com, Inc., and/or any other broker signs this agreement, it is for the sole purpose of binding itself/themselves to this arbitration clause."
Learakos paid $1,000 as earnest money with a check written on his account with First National Bank of Marengo in Marengo County, Illinois. He purchased the house for a total price of $109,900. Learakos made a down payment of $10,283.50 with two checks written on his account with Colonial Bank in Orange Beach, Alabama, and he financed the remainder of the purchase price with Colonial Bank. All of the acts of all of the parties to the sale and purchase occurred in Alabama.
Shortly after purchasing the house, Learakos discovered that the house was a restructured mobile home containing several structural defects. Thereupon, Learakos sued Class.Com, Olsen, and Alexander for breach of fiduciary duty, fraudulent misrepresentation, fraudulent suppression, conspiracy to defraud, and negligence or wantonness.
Class.Com moved to compel arbitration of Learakos's claims pursuant to the arbitration clause as allegedly governed by the FAA. The materials before us do not disclose whether either of the defendants Olsen or Alexander has moved to compel arbitration. Thus, our analysis is limited to the issue of the validity of the trial court *784 order compelling the plaintiff Learakos to arbitrate his claims against the defendant Class.Com.
The Class.Com motion alleged that "Class.Com is a real estate brokerage company with its principal office located at 832 Gulf Shores Parkway, Gulf Shores, Alabama, [and] is a franchise of the nationwide real estate marketing company commonly known as ERA." The Class.Com motion alleged further:
"While the real property made the subject of this action is located in Baldwin County, Alabama and was sold by a Baldwin County resident through a Baldwin County real estate company to a person who established residency in Baldwin County, Alabama, the same remains a transaction involving interstate commerce within the meaning of Section 2 of the Federal Arbitration Act, 9 U.S.C. 2 because Class.Com is a franchise of a national real estate organization and paid license and transaction fees to the national company headquartered in the State of New Jersey and a portion of the funds to purchase the home were provided through an account maintained at a bank in the State of Illinois."
The motion alleged that the contract signed by Learakos involved interstate commerce and therefore met the criterion of the FAA for its application to the contract for the enforcement of the arbitration clause at the behest of Class.Com.
Although Class.Com alleged and argued that the Learakos contract involved interstate commerce because Class.Com paid a portion of the sales commission it had received from the sale of the house to ERA in New Jersey and because Learakos paid $1,000 toward the purchase price of the house from an account he held in the State of Illinois, the materials Class.Com has submitted to us do not include any affidavit or other sworn testimony or any exhibit other than the purchase agreement itself to support the bare allegations in the motion to compel arbitration. The purchase agreement does not identify, claim, or reveal any interstate commerce.
In his petition for a writ of a mandamus, Learakos concedes that a preexisting and separate franchise agreement between Class.Com and its franchiser ERA, headquartered in New Jersey, obligated Class.Com to pay ERA 8% of the $7,696 sales commission Class.Com received from the sale of the house. He further concedes that the check he wrote in Alabama for the $1,000 earnest money was drawn on his bank account in Marengo County, Illinois. Learakos, however, maintains that these lone facts do not establish the substantial effect of his contract or transaction on interstate commerce necessary to support the application of the FAA to his contract.
"The crucial issue is whether the contract or transaction satisfies the interstate-commerce criterion for the applicability of the Federal Arbitration Act, 9 U.S.C. § 2, which, in pertinent part, reads as follows:
"`A written provision in ... a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'
"To satisfy the interstate-commerce criterion, the involvement of, or effect on, interstate commerce must be substantial. Southern United Fire Ins. Co. v. Knight, 736 So.2d 582, 585 (Ala.1999). There this Court explains:
"`The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., preempts contrary state law (specifically, *785 contrary law based on Ala.Code 1975, § 8-1-41(3) and public policy) and renders enforceable a written predispute arbitration agreement but only if that agreement appears in a contract evidencing a transaction that "involves" interstate commerce. Jim Burke Automotive, Inc. v. Beavers, 674 So.2d 1260 (Ala.1995); Lopez v. Home Buyers Warranty Corp., 670 So.2d 35 (Ala.1995). This Court has held that even an intrastate transaction "involves" interstate commerce if it has a substantial effect on the generation of goods or services for interstate markets and their distribution to the consumer. See Delta Construction Corp. v. Gooden, 714 So.2d 975 (Ala.1998), citing Hurst v. Tony Moore Imports, Inc., 699 So.2d 1249 (Ala.1997).' (Emphasis added.)
"This Alabama jurisprudence is consistent with United States v. Lopez, 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995), a criminal case, which holds:
"`[O]ur case law has not been clear whether an activity must "affect" or "substantially affect" interstate commerce in order to be within Congress' power to regulate it under the Commerce Clause.... We conclude, consistent with the great weight of our case law, that the proper test requires an analysis of whether the regulated activity "substantially affects" interstate commerce.' (Emphasis added.)
"514 U.S. at 559, 115 S.Ct. 1624, 131 L.Ed.2d 626."
Rogers Foundation Repair, Inc. v. Powell, 748 So.2d 869, 871-72 (Ala.1999)(some emphasis in original; some emphasis added). The party seeking to compel arbitration has the burden of proving the effect on, or involvement in, interstate commerce necessary to invoke the FAA. Sisters of the Visitation v. Cochran Plastering Co., 775 So.2d 759 (Ala.2000).
Whether Class.Com, in fact, has paid or will pay any portion of its commission to its franchiser headquartered in New Jersey is not established by the materials before us. Further, the preexisting franchise agreement and any such payment, if made, between Class.Com and its franchiser are entirely collateral to the contract between the plaintiff and Class.Com. The plaintiff was not a party to the franchise agreement, and the disposition by Class.Com of its proceeds from the sale was no concern of the plaintiffs. Thus the franchise agreement and any payment thereon do not establish the requisite substantial effect on interstate commerce. Likewise, the ostensible transfer of the funds for the plaintiff's $1,000 earnest money payment from the drawee bank in Illinois to the Alabama payee of the check drawn in Alabama does not establish a substantial effect of this real estate sale and purchase on interstate commerce. The plaintiff's agreement and dealings with his Illinois bank were entirely collateral to his purchase of the real estate from the Alabama seller through the Alabama broker pursuant to the Alabama purchase agreement. Moreover, the $615.68 (8% of $7,696) paid or to be paid by Class.Com to ERA and the $1,000 ostensibly transferred from the Illinois bank to Alabama are de minimis. They aggregate less than 2% of the $109,900 price for the purchase of the house, the transaction Class.Com seeks to govern with the FAA. See Rogers Foundation Repair, supra; and Sisters of the Visitation, supra.
"Because the record contains no proof that the contract or transaction in this case involved or affected interstate commerce substantially so as to satisfy the interstate-commerce criterion for the applicability of the Federal Arbitration Act, that Act does not apply to this contract or transaction. Rather, Alabama law, and *786 specifically § 8-1-41(3), Ala.Code 1975, applies to prohibit specific enforcement of `[a]n agreement to submit a controversy to arbitration.'" Rogers Foundation Repair, 748 So.2d at 872 (emphasis on word "substantially" original; other emphasis added). Therefore, the trial court erred in granting the motion of Class.Com to compel arbitration of Learakos's claims. Thus Learakos has shown a clear legal right to the relief he seeks. Accordingly, we issue a writ of mandamus directing the trial court to vacate its order compelling arbitration in this case.
WRIT GRANTED.
MOORE, C.J., and HOUSTON, LYONS, BROWN, HARWOOD, WOODALL, and STUART, JJ., concur.
SEE, J., dissents.
SEE, Justice (dissenting).
The main opinion grants the mandamus petition and directs the trial court to vacate its order compelling arbitration because, the majority concludes, no evidence indicates that the parties' contract evidenced a transaction that had a substantial effect on interstate commerce. I respectfully dissent.
The writ of mandamus is an extraordinary writ; one petitioning for it must show (1) a clear legal right in the petitioner to the order sought, (2) an imperative duty on the respondent to perform, accompanied by a refusal to do so, (3) the lack of another adequate remedy, and (4) the properly invoked jurisdiction of the court. See Ex parte Breman Lake View Resort, L.P., 729 So.2d 849, 851 (Ala.1999).
Learakos concedes that the $1,000 check he wrote in Alabama for earnest money was drawn on his account at a bank in Illinois. Learakos further concedes that the franchise agreement between Class.Com, a local real estate broker, and ERA, a franchiser headquartered in New Jersey, obligates Class.Com to pay ERA 8% of the sales commission from Learakos's purchase of the home.
"A writ of mandamus will issue only to compel the exercise of a trial court's discretion; it will not issue to control or to review a court's exercise of its discretion unless an abuse of discretion is shown." Id. Learakos's concessions are, at least arguably, sufficient evidence that his purchase of the home had a substantial effect on interstate commerce. Thus, I do not believe Learakos has shown a clear legal right to have the trial court vacate its order compelling arbitration, and, therefore, I would not issue the writ.[1]

On Application for Rehearing
JOHNSTONE, Justice.
On application for rehearing, the defendant ERA Class.Com, Inc. ("Class.Com"), contends that this Court erred by failing to follow Allied-Bruce Terminix Companies, Inc. v. Dobson, 513 U.S. 265, 115 S.Ct. 834, 130 L.Ed.2d 753 (1995), which, Class.Com claims, is factually similar to the case before us and is controlling on the issue in the case before us whether the Learakos purchase agreement evidenced a transaction substantially affecting interstate commerce and thereby incurred the governance of the Federal Arbitration Act ("FAA"), which, in turn, would require Learakos to arbitrate his claims against Class.Com. Specifically, Class.Com claims that "this Court's opinion in the instant case seems to misinterpret `substantial effect' and to give improper emphasis to the plaintiff's `contemplation,' and to dismiss as `collateral' *787 or `de minimis' the interstate consequences of this action." (Application for Rehearing Brief, p. 7.)
The Allied-Bruce case differs significantly from the case before us in that, as the Allied-Bruce Court observed:
"The parties [in Allied-Bruce did] not contest that the transaction ..., in fact, involved interstate commerce. In addition to the multistate nature of Terminix and Allied-Bruce, the termite-treating and house-repairing material used by Allied-Bruce in its (allegedly inadequate) efforts to carry out the terms of the Plan, came from outside Alabama."
513 U.S. at 282, 115 S.Ct. 834. The primary issue addressed in Allied-Bruce was whether the applicability of the FAA depended on the parties' contemplating the involvement of interstate commerce at the time they executed the arbitration agreement. The Allied-Bruce Court held that an arbitration agreement is enforceable so long as it relates to a transaction actually "`involv[ing]' interstate commerce, even if the parties did not contemplate an interstate commerce connection." Allied-Bruce, 513 U.S. at 281, 115 S.Ct. 834.
A few months after the decision of Allied-Bruce, the United States Supreme Court decided United States v. Lopez, 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995), and there considered the extent of interstate involvement necessary for the FAA to apply to the transaction. The Lopez Court held:
"[O]ur case law has not been clear whether an activity must `affect' or `substantially affect' interstate commerce in order to be within Congress' power to regulate it under the Commerce Clause.... We conclude, consistent with the great weight of our case law, that the proper test requires an analysis of whether the regulated activity `substantially affects' interstate commerce." (Emphasis added.)
514 U.S. at 559, 115 S.Ct. 1624. This Court followed the Lopez rationale and holding in Rogers Foundation Repair, Inc. v. Powell, 748 So.2d 869, 871-72 (Ala.1999), which we followed in holding in the instant case that, for the lack of evidence that the Learakos transaction substantially affected interstate commerce, the FAA did not apply to require Learakos to arbitrate his claims against Class.Com.
Class.Com has not recited any facts or legal arguments establishing that we improperly applied the law in the case now before us. Therefore, Class.Com is not entitled to a rehearing.
APPLICATION OVERRULED.
MOORE, C.J., and HOUSTON, LYONS, BROWN, HARWOOD, WOODALL, and STUART, JJ., concur.
SEE, J., dissents.
NOTES
[1] See Rule 4, Ala.R.App.P., as amended May 10, 2001, to be effective October 1, 2001. By that amendment, an order granting or denying a motion to compel arbitration will be reviewable by appeal.