828 So.2d 295 (2002)
Ex parte Wilton Glenn COX and Donna Cox.
(In re Wilton Glenn Cox et al. v. Franklin Homes, Inc., et al.)
1001829.
Supreme Court of Alabama.
March 8, 2002.
*296 Don L. Hall and Kathryn L. Harman of Porterfield, Harper & Mills, P.A., Birmingham, for petitioners.
Harry M. Renfroe, Jr., Tuscaloosa, for respondent Franklin Homes, Inc.
LYONS, Justice.
Wilton Glenn Cox and his wife, Donna Cox, the plaintiffs in an action pending in the Tuscaloosa Circuit Court, petition for a writ of mandamus directing Judge L. Scott Coogler to vacate his order granting the motion to compel arbitration filed by one of the defendants, Franklin Homes, Inc. For the reasons discussed below, we grant the petition.
On July 1, 1996, the Coxes purchased a mobile home from Blue Ribbon Homes Super Center of Tuscaloosa, Inc. ("Blue Ribbon"). Although Franklin Homes manufactured the home, it was not a party to any of the documents executed at the time of the sale.
At the time of the purchase, the Coxes and a representative of Blue Ribbon executed a sales contract, which contained the following arbitration clause:
"12. ARBITRATION AGREEMENT. ANY DISPUTE, CONTROVERSY OR CLAIM ARISING OUT OF OR RELATING TO THE INTERPRETATION, PERFORMANCE OR BREACH OF ANY PROVISION OF THIS CONTRACT SHALL BE RESOLVED EXCLUSIVELY BY MANDATORY AND BINDING ARBITRATION, IN ACCORDANCE WITH THE APPROPRIATE RULES OF THE AMERICAN ARBITRATION ASSOCIATION, AS OUTLINED IN AND PROVIDED BY THE ARBITRATION AGREEMENT BETWEEN SELLER AND PURCHASER. SELLER AND PURCHASER ACKNOWLEDGE AND AGREE THAT THE MANUFACTURED HOME SOLD BY THE SELLER AND PURCHASED BY THE PURCHASER INVOLVES INTERSTATE COMMERCE."
(Capitalization and bold type in original.) The seller is identified in the contract as "Blue Ribbon Homes" and the purchasers are identified as "Wilton Glenn Cox" and "Donna Cox." The contract further provided:
"ARBITRATION OF DISPUTES AND WAIVER OF JURY TRIAL:
"a. Dispute Resolution. Any controversy or claim between or among you and I [sic] or our assignees arising out of or relating to this contract or to any agreements or instruments relating to or delivered in connection with this contract, including any claim based on or arising from an alleged tort, shall, if requested by either you or me, be determined by arbitration, reference, or trial by a judge as provided below. A controversy involving only a single claimant, or claimants who are related or asserting claims arising from a single transaction, shall be determined by arbitration as described below. Any other controversy shall be determined by judicial reference of the controversy to a referee appointed by the court or, if the court where the controversy is venued lacks the power to appoint a referee, by trial by a judge without a jury, as described below. YOU AND I AGREE AND UNDERSTAND THAT WE ARE GIVING UP THE RIGHT TO TRIAL BY JURY, AND THERE SHALL BE NO JURY WHETHER THE CONTROVERSY OR CLAIM IS DECIDED BY ARBITRATION, BY JUDICIAL REFERENCE, OR BY TRIAL BY A JUDGE.
"....

*297 "For value received, Seller hereby assigns to Creditor all its rights, title and interest in this contract and the property which is the subject matter hereof and authorizes Creditor to do everything necessary to collect and discharge same...."
(Capitalization and bold type in original.) The "Creditor" is not identified on the copy of the contract that is before this Court.
At the time they signed the sales contract, the Coxes also signed a separate arbitration agreement. That agreement reads, in pertinent part:
"ARBITRATION AGREEMENT "BETWEEN "BLUE RIBBON HOMES SUPER CENTER OF TUSCALOOSA, INC. (Seller) "AND "GLENN W. COX[[1]]
 "DONNA COX (Purchaser)
"DATED: 7-1-96
"Any dispute, controversy or claim arising out of or relating to the interpretation, performance, or breach of any provision of that Contract by and between Blue Ribbon Homes Super Center of Tuscaloosa, Inc. and GLENN W. COX and DONNA COX (Purchaser), dated 7-1-96, shall be resolved exclusively by mandatory and binding common law arbitration, in accordance with the appropriate rules of the American Arbitration Association.
"Seller and Purchaser acknowledge and agree that the manufactured home sold by Seller and purchased by Purchaser has been in interstate commerce and that the Contract by and between Seller and Purchaser evidences interstate commerce.
"Either party shall have 60 days from the time the controversy, dispute or difference of opinion arose to make written demand for arbitration by filing a demand in writing to the other.
"One arbitrator shall be chosen by Seller and the other by Purchaser, and an umpire shall be chosen by the two arbitrators before entering into arbitration. In the event that either party should fail to choose an arbitrator within 30 days after written demand by the other to do so, the requesting party shall chose [sic] two arbitrators who shall, in turn, chose [sic] an umpire before entering into arbitration. If the two arbitrators fail to agree upon the selection of an umpire within 30 days following their appointment, each arbitrator shall nominate three candidates within 10 days thereafter, two of whom the other shall decline, and the decision shall be made by drawing lots.
"....
"The decision of the arbitrators shall be final and binding upon both parties. However, if the two arbitrators should fail to agree, they shall call upon the umpire, and the decision of the umpire shall be final and binding upon both parties. The submission of a dispute to the arbitrators (and to the umpire, if necessary) and the rendering of their decision shall be a condition precedent to any right of legal action on the dispute. Judgment upon the final decision of the arbitrators may be entered in any court of competent jurisdiction and such is not appealable. The arbitration set *298 forth in this Agreement shall be mandatory and not permissive.
"....
"Nothing herein shall have any effect on or limit, in any way, Seller's rights upon the Purchaser's default under any other agreement between the parties."
The Coxes, dissatisfied with the condition of their mobile home, sued Franklin Homes, the manufacturer of the home; James W. Powell, who installed the home; and fictitiously named defendants.[2] Franklin Homes moved to compel arbitration based upon the sales contract and the arbitration agreement the Coxes signed when they purchased their mobile home from Blue Ribbon, even though, as previously noted, Franklin Homes was not a party to either of those documents. The trial court entered an order compelling arbitration, stating: "The Court therefore finds that the claims asserted by Cox are `intimately founded in and intertwined with the claims made against' Blue Ribbon, the other signatory, so as to satisfy one of the two Stamey grounds for allowing Franklin Homes to compel the Cox claims to arbitration." The reference to "Stamey" in the trial court's order is to Ex parte Stamey, 776 So.2d 85, 89 (Ala.2000), and the court is quoting Stamey, which in turn is quoting Sunkist Soft Drinks, Inc. v. Sunkist Growers, Inc., 10 F.3d 753, 757 (11th Cir.1993), which is quoting McBro Planning & Dev. Co. v. Triangle Elec. Constr. Co., 741 F.2d 342, 344 (11th Cir.1984).
"A writ of mandamus is an extraordinary remedy that requires the showing of: (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty on the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court."
Ex parte McNaughton, 728 So.2d 592, 594 (Ala.1998). A petition for a writ of mandamus is the proper means by which to challenge a trial court's order granting a motion to compel arbitration.[3]Ex parte Napier, 723 So.2d 49 (Ala.1998). We review an order granting a motion to compel arbitration under an abuse-of-discretion standard. Ex parte Morris, 782 So.2d 249 (Ala.2000).
In their petition for the writ of mandamus, the Coxes argue that because Franklin Homes was not a signatory to either the sales contract or the separate arbitration agreement, Franklin Homes is not entitled to compel arbitration. We agree. When an arbitration agreement limits arbitration to the signatories to the contract, this Court has refused to compel arbitration of a nonsignatory's claim, because the party resisting arbitration has not agreed to arbitrate claims against a nonsignatory. Jim Burke Auto., Inc. v. McGrue, 826 So.2d 122 (Ala.2002); Auvil v. Johnson, 806 So.2d 343 (Ala.2001); Parkway Dodge, Inc. v. Yarbrough, 779 So.2d 1205 (Ala.2000); Southern Energy Homes, Inc. v. Kennedy, 774 So.2d 540 (Ala.2000). Each arbitration agreement in this case is specifically applicable only to the parties who executed it. In each agreement, the parties to whom it is applicable are the Coxes, as purchasers, and Blue Ribbon, as the seller, or the assignees *299 of either of those parties. The language in neither agreement reaches Franklin Homes, as the manufacturer. Therefore Franklin Homes is not entitled to compel arbitration of the Coxes' claims against it by the terms of those agreements.
Franklin Homes argues that, even though it is not named in either the sales contract or the arbitration agreement, it should be entitled to compel arbitration because, it argues, the Coxes agreed to arbitrate any claims they might have against unnamed "assignees." Franklin Homes bases its argument on language in the sales contract indicating that the parties agree to arbitrate "[a]ny controversy or claim between or among you [the Coxes] and I [sic] [Blue Ribbon] or our assignees arising out of or relating to this contract or to any agreements or instruments relating to or delivered in connection with this contract, including any claim based on or arising from an alleged tort... if [arbitration is] requested by either you or me." (Emphasis added.)
Franklin Homes points to language in Ex parte Stamey, supra, in which we held that before a nonsignatory could compel arbitration against a signatory to an arbitration agreement, "the arbitration provision itself must indicate that the party resisting arbitration has assented to the submission of claims against nonparties." 776 So.2d at 89. Franklin Homes then argues that there is no requirement that it be specifically mentioned in the agreement in order for the Coxes to have contemplated that it would be included in their arbitration agreement. In other words, Franklin Homes reads Stamey as holding that so long as the arbitration agreement evidences an intent to arbitrate against some specifically described nonsignatory, then the party resisting arbitration cannot avoid arbitration at the demand of any nonsignatory, regardless of whether that nonsignatory fits the description of the nonsignatory referred to in the agreement.
We reject this reading of Stamey. While the Coxes agreed to arbitrate any claim or controversy between any potential assignee designated by them or Blue Ribbon, if we accepted Franklin Homes' argument that the Coxes thereby contemplated arbitration with all nonspecified entities, we would have to rewrite their agreement. The term "assignee" is defined as "[o]ne to whom property rights or powers are transferred by another." Black's Law Dictionary 114 (7th ed.1999). The definition of "assignee" contemplates the designation of a named entity as one's assignee. No evidence before us indicates that Blue Ribbon ever assigned anything to Franklin Homes in connection with Blue Ribbon's sale of the mobile home to the Coxes. Therefore, the mere fact that the Coxes agreed to arbitrate claims they might have against an assignee of Blue Ribbon does not entitle Franklin Homes to compel the Coxes to arbitrate their claims against it. Moreover, the sales contract allows arbitration if it is requested by "you or me [the Coxes or Blue Ribbon]," and neither party has requested arbitration.
Finally, the trial court erred in requiring the Coxes to arbitrate their claims against Franklin Homes on the basis of the doctrine of intertwining. In Southern Energy Homes, Inc. v. Kennedy, supra, we held:
"The concept of `intertwining' necessarily presupposes that the signatory to the arbitration agreement is or will be engaged in an arbitration proceeding with the plaintiff. In this case, Jack Lee [the mobile-home seller] did not appeal the trial court's denial of its motion to compel arbitration. Therefore, there is no pending or contemplated arbitration proceeding in which the doctrine of equitable estoppel could allow Southern Energy [the mobile-home manufacturer] to *300 compel the Kennedys to arbitrate their claims against it. In other words, `intertwining' requires at least two threads to weave togetherone cannot intertwine a single thread."
774 So.2d at 545. See also Auvil v. Johnson, supra. As was the case in Kennedy, there is no pending or contemplated arbitration proceeding involving the Coxes' claims against Blue Ribbon, the signatory to the arbitration agreements, with which Franklin Homes can "intertwine" the Coxes' claims against it.
The Coxes have shown a right to the relief they seek; therefore, their petition is due to be granted.
PETITION GRANTED; WRIT ISSUED.
MOORE, C.J., and HOUSTON, SEE, BROWN, HARWOOD, WOODALL, and STUART, JJ., concur.
JOHNSTONE, J., concurs in the rationale in part and concurs in the result.
JOHNSTONE, Justice (concurring in the rationale in part and concurring in the result).
But for one exception, I concur fully in the scholarly main opinion. The exception is the statement of the standard of review.
Our caselaw does include cases which hold that we review an order granting a motion to compel arbitration under an abuse-of-discretion standard, as the main opinion recites. This caselaw is perfectly understandable, since we generally apply an abuse-of-discretion standard of review to petitions for a writ of mandamus.
In actual practice, however, when the operative facts are undisputed, as they are in this case, we review such orders de novo, as we should, see Ex parte Roberson, 749 So.2d 441, 445 (Ala.1999), and Rogers Found. Repair, Inc. v. Powell, 748 So.2d 869, 871 (Ala.1999), for two reasons. The first is that we have, in many cases, accurately likened motions to compel arbitration to motions for a summary judgment. See, e.g., Fleetwood Enters., Inc. v. Bruno, 784 So.2d 277 (Ala.2000); Ex parte Caver, 742 So.2d 168, 172 n. 4 (Ala.1999); and TranSouth Fin. Corp. v. Bell, 739 So.2d 1110, 1114 (Ala.1999). The standard of review of a summary judgment is de novo. Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala.1988). Because the evidentiary and factual materials for and against motions to compel arbitration and motions for a summary judgment are submitted in writing rather than ore tenus, the trial judge's fact findings are not entitled to deference. See Rogers Found. Repair, supra, and Eubanks v. Hale, 752 So.2d 1113 (Ala.1999). Likewise, a trial judge's conclusions of law are never entitled to deference. First American Title Ins. Co. v. Silvernell, 744 So.2d 883 (Ala.1999); Jim Burke Auto., Inc. v. Murphy, 739 So.2d 1084 (Ala.1999); and Ex parte Graham, 702 So.2d 1215 (Ala.1997). Likewise, a trial judge's application of law to undisputed facts is not entitled to deference. Rogers Found. Repair, supra; Alabama Farm Bureau Mut. Cas. Ins. Co. v. Dyer, 454 So.2d 921 (Ala.1984); and Stiles v. Brown, 380 So.2d 792, 794 (Ala.1980). Indeed, the essence of the rationale of today's well-reasoned main opinion is that the trial judge has erred in his interpretation of the caselaw and has misapplied the law to the undisputed facts. This rationale is essentially a de novo review.
Admittedly, if the evidence for and against a motion to compel arbitration presents a genuine issue of fact, the trial judge's resolution of the disputed fact, whether with or without a jury, could present us with some issue of abuse of discretion. Even so, the entire review would not *301 be limited to an abuse-of-discretion inquiry.
The second reason our review of an order compelling arbitration on undisputed facts should be, and, I submit, is, de novo is that due process of law and equal protection of the laws require that we apply the same standard of review at the instance of either party to a motion to compel arbitration; and we review denials of such motions de novo. Ex parte Roberson, supra. My conviction to this effect was my reason for supporting the adoption of Rule 4(d), Ala. R.App. P., effective October 1, 2001, providing, as recognized by the main opinion, that an order either granting or denying a motion to compel arbitration will be reviewed by appeal. This amendment will relieve a party seeking review of an order compelling arbitration from the abuse-of-discretion standard of review ordinarily associated with a petition for a writ of mandamus.
NOTES
[1] Mr. Cox's name is Wilton Glenn Cox. When the sales contract and arbitration agreement were prepared, Mr. Cox's name was typed "Glenn W. Cox." However, he signed the documents" "Wilton Glenn Cox." His counsel states that he signed an acknowledgment that all references in the documents to "Glenn W. Cox" were to "Wilton Glenn Cox."
[2] The trial court's order indicates that the Coxes settled their claims against Blue Ribbon, apparently before the Coxes filed their action.
[3] But see Rule 4(d), Ala. R.App. P., adopted May 10, 2001, effective October 1, 2001. By the adoption of Rule 4(d), an order either granting or denying a motion to compel arbitration will be reviewed by appeal. This petition was filed before Rule 4(d) became effective.