But for one exception, I concur fully in the scholarly main opinion. The exception is the statement of the standard of review.
Our caselaw does include cases which hold that we review an order granting a motion to compel arbitration under an abuse-of-discretion standard, as the main opinion recites. This caselaw is perfectly understandable, since we generally apply an abuse-of-discretion standard of review to petitions for a writ of mandamus.
In actual practice, however, when the operative facts are undisputed, as they are in this case, we review such orders de novo, as we should,see Ex parte Roberson, 749 So.2d 441, 445 (Ala. 1999), and Rogers Found.Repair, Inc. v. Powell, 748 So.2d 869, 871 (Ala. 1999), for two reasons. The first is that we have, in many cases, accurately likened motions to compel arbitration to motions for a summary judgment. See, e.g.,Fleetwood Enters., Inc. v. Bruno, 784 So.2d 277 (Ala. 2000); Ex parteCaver, 742 So.2d 168, 172 n. 4 (Ala. 1999); and TranSouth Fin. Corp. v.Bell, 739 So.2d 1110, 1114 (Ala. 1999). The standard of review of a summary judgment is de novo. Bussey v. John Deere Co., 531 So.2d 860, 862
(Ala. 1988). Because the evidentiary and factual materials for and against motions to compel arbitration and motions for a summary judgment are submitted in writing rather than ore tenus, the trial judge's fact findings are not entitled to deference. See Rogers Found. Repair, supra, and Eubanks v. Hale, 752 So.2d 1113(Ala. 1999). Likewise, a trial judge's conclusions of law are never entitled to deference. First American TitleIns. Co. v. Silvernell, 744 So.2d 883 (Ala. 1999); Jim Burke Auto., Inc.v. Murphy, 739 So.2d 1084 (Ala. 1999); and Ex parte Graham, 702 So.2d 1215
(Ala. 1997). Likewise, a trial judge's application of law to undisputed facts is not entitled to deference. Rogers Found. Repair, supra; AlabamaFarm Bureau Mut. Cas. Ins. Co. v. Dyer, 454 So.2d 921 (Ala. 1984); andStiles v. Brown, 380 So.2d 792, 794 (Ala. 1980). Indeed, the essence of the rationale of today's well-reasoned main opinion is that the trial judge has erred in his interpretation of the caselaw and has misapplied the law to the undisputed facts. This rationale is essentially a de novo
review.
Admittedly, if the evidence for and against a motion to compel arbitration presents a genuine issue of fact, the trial judge's resolution of the disputed fact, whether with or without a jury, could present us with some issue of abuse of discretion. Even so, the entire review would not *Page 301 
be limited to an abuse-of-discretion inquiry.
The second reason our review of an order compelling arbitration on undisputed facts should be, and, I submit, is, de novo is that due process of law and equal protection of the laws require that we apply the same standard of review at the instance of either party to a motion to compel arbitration; and we review denials of such motions de novo. Exparte Roberson, supra. My conviction to this effect was my reason for supporting the adoption of Rule 4(d), Ala.R.App.P., effective October 1, 2001, providing, as recognized by the main opinion, that an order either granting or denying a motion to compel arbitration will be reviewed byappeal. This amendment will relieve a party seeking review of an order compelling arbitration from the abuse-of-discretion standard of review ordinarily associated with a petition for a writ of mandamus.