I must dissent from the majority's decision to reverse the trial court's order denying the motion to compel arbitration in this case. The question addressed in the majority opinion — whether an arbitration provision is void for disclaiming indirect and consequential damages — is a secondary issue that need not be reached in this case. Congress has not declared the regulation of pest control companies to be an activity that "involves [interstate] commerce." 9 U.S.C. § 2. The Federal Arbitration Act does not negate the provisions of § 8-1-41(3), Ala. Code 1975, which prohibits the specific enforcement of predispute arbitration agreements in contracts. See my dissent in SelmaMedical Center v. Fontenot, 824 So.2d 668, 676 (Ala. 2002) (Moore, C.J., dissenting). We are entitled to "affirm the trial court if its ruling is correct on any valid ground or rationale, even one rejected or not considered by the trial court." Rogers Found. Repair, Inc. v. Powell, 748 So.2d 869,872 (Ala. 1999). Thus, in my view, the trial court's denial of the defendant's motion to compel arbitration should be affirmed because federal law is not controlling in this case.