Brookfield Construction Company ("Brookfield") and Mohommed Heyat appeal from an order denying their motion to compel arbitration of their dispute with Stephen H. Van Wezel and Nesta W. Van Wezel. We affirm.
This dispute is between Alabama residents over the construction of a new residence for the Van Wezels. The house was built by Heyat, the owner of Brookfield, a sole proprietorship. The Van Wezels were dissatisfied with Heyat's workmanship, and they sued Heyat and Brookfield on theories of breach of contract and breach of warranty and on various tort theories. The defendants moved to compel arbitration on the basis of a provision in a "Limited *Page 221 
New Home Warranty" issued by Brookfield to the Van Wezels. The trial court denied the motion, and the defendants appealed.
The burden of proof on the party seeking to compel arbitration is well established. "A motion to compel arbitration is analogous to a motion for a summary judgment." Ex parte Caver, 742 So.2d 168, 172 n. 4 (Ala. 1999). "The party seeking to compel arbitration has the initial burden of proving the existence of a contract calling for arbitration and proving that the contract evidences a transaction substantially affecting interstate commerce." American Gen. Fin., Inc. v. Morton, 812 So.2d 283,284-85 (Ala. 2001) (plurality opinion). See Sisters of the Visitation v.Cochran Plastering Co., 775 So.2d 759 (Ala. 2000). "If the party seeking to enforce the arbitration agreement fails to make such a showing, then the opposing party has no burden of resisting arbitration and the motion should be denied." Brown v. Dewitt, Inc., 808 So.2d 11, 14 (Ala. 2001).[1]
The dispositive issue in this case is whether the defendants met their initial burden of showing that the construction of the Van Wezels' residence was a transaction that substantially affected interstate commerce, under the five-part test adopted in Sisters of theVisitation.
The test adopted in Sisters of the Visitation focuses on the quantity
and quality of involvement of foreign entities with the subject transaction. Specifically, the subjects of inquiry are (1) the "citizenship of the parties," (2) the origin of any "tools and equipment" actually used in the transaction, (3) the "allocation of cost of services and materials," (4) the "subsequent movement across state lines" of the "object of the services," and (5) the "degree of separability from other contracts." 775 So.2d at 765-67. An analysis applying these factors is "necessarily fact-intensive." Id. at 765 n. 5.
In some cases, one or more of the factors will evidence no interstate commerce, as where both parties are Alabama residents. In some cases, the factors will demonstrate only a de minimis involvement with interstate commerce. Aronov Realty Brokerage, Inc. v. Morris, 838 So.2d 348 (Ala. 2002) (plurality). Thus, for this Court to apply the factors enumerated in Sisters of the Visitation, the record must contain more than conclusory statements that the transaction "substantially involved interstate commerce."
At least three of those factors require specific evidence of the relationship between interstate and local elements of the transaction. More specifically, the second factor cannot support arbitrability unless the record demonstrates the extent to which tools and equipment moving interstate were "leased or purchased specially for the project."775 So.2d at 766. The third factor cannot support arbitrability, unless the record demonstrates "what portion of the amount [of the contract price] is allocable to the cost of local labor and overhead and what portion is allocable to materials or services specially purchased for use or consumption in performance of the contract." Id. (emphasis added). Thefifth factor cannot support arbitrability, unless the record demonstrates the extent of the subject transaction's "impact on other contracts thatdo substantially affect interstate commerce." Id. at 767 (emphasis added). *Page 222 
In an attempt to satisfy their burden under Sisters of the Visitation, the defendants submitted Heyat's affidavit, which stated: "The Plaintiffs' home was constructed in Shelby County, Alabama in significant part from goods and supplies manufactured out of state and shipped into Alabama for incorporation therein. Various subcontractors were engaged, who traveled in interstate commerce in connection with completing their work on this home." The defendants' evidence is insufficient, for the same reasons the evidence in Sisters of the Visitation was insufficient, to prove that the transaction substantially affected interstate commerce.
The parties are Alabama residents, and the object of the transaction, namely, the Van Wezels' residence, is incapable of moving across state lines. Heyat's affidavit contains the conclusory allegation that the residence was constructed "in significant part from goods and supplies manufactured out of state and shipped into Alabama for incorporation therein." The record here, like the record in Sisters of the Visitation, fails to demonstrate "what portion of the amount [of the contract price] is allocable to the cost of local labor and overhead," and fails to show the extent to which tools and equipment moving interstate were "leased or purchased specially for the project." 775 So.2d at 766. Heyat's affidavit also alleges that "[v]arious subcontractors were engaged, who traveled in interstate commerce in connection with completing their work on this home." However, as in Sisters of the Visitation, the record fails to demonstrate the extent of the construction project's "impact on other contracts that do substantially affect interstate commerce." Id. at 767 (emphasis added).
Because the defendants failed to offer specific evidence of the relationship between the interstate and local elements involved in the construction of the Van Wezels' house, they failed to carry their initial burden of proof on the issue of interstate commerce. See also Morris, supra; Ex parte Kampis, 826 So.2d 819 (Ala. 2002); F.A. Dobbs Sons, Inc. v. Northcutt, 819 So.2d 607 (Ala. 2001). The trial court did not err, therefore, in denying their motion to compel arbitration. Its order is affirmed.
AFFIRMED.
HOUSTON, LYONS, BROWN, JOHNSTONE, HARWOOD, and STUART, JJ., concur.
MOORE, C.J., concurs in the result.
SEE, J., dissents.
[1] The arbitration proponent must demonstrate a substantial nexus with interstate commerce in order to render the arbitration clause enforceable through the Federal Arbitration Act, 9 U.S.C. § 1 et seq.