MURDOCK, Judge.
Larry and Robin Dilsaver filed a four-count complaint against Roger’s Foundation Repair Co., Inc., an Alabama corporation with it principal place of business in Daphne, Alabama, and Roger Hendren, individually (Roger’s Foundation Repair and Hendren being hereinafter referred to collectively as “Roger’s”), alleging breach of contract, negligence, misrepresentation, and suppression of material facts. Roger’s filed a motion to compel arbitration and to stay the proceedings. With its motion, Roger’s submitted a copy of a contract whereunder Roger’s was to perform foundation-repair work on the Dilsavers’ home *553 located in Baldwin County. The contract stated that Roger’s was to install adjustable concrete foundation piers:
“Dig approximately 9 to 10 piers holes mark graft 4 ft. by 4 ft. Dig under 271 inch under the slab, put rebar with 3000 psi concrete jacks up, with approximately 10 piers pads, with steel shims, point crack where needed, wash down behind where needed, that includes all material labor.”
The contract was signed by Robin Dilsaver and Roger Hendren and included the following arbitration clause:
“ARBITRATION: It is acknowledged by Owner and Contractor that the work performed pursuant to this Contract involves or affects interstate commerce. Accordingly, Owner and Contractor mutually agree to any and all disputes arising with regard to work performed pursuant to this Contract, including but not limited to workmanship, performance, quality of work performed, compensation of Contractor, for the work contemplated by this Agreement, compensation of Contractor for extra work performed in addition to work contemplated by this Agreement, and any and all other disputes arising between Owner and Contractor of any kind or nature whatsoever in any way arising from the performance of any work contemplated by this Agreement shall be resolved by binding arbitration to be conducted pursuant to the Commercial Rules of the American Arbitration Association.”
The trial court granted Roger’s motion to compel arbitration. Thereafter, the Dil-savers filed a motion for reconsideration, alleging, among other things, that Roger’s had failed to establish that the contract evidenced a transaction that substantially affected interstate commerce. The trial court set a hearing to determine the “arbitration issue.” Roger’s filed a response and submitted several affidavits establishing that the foundation-repair work could not be performed without the use of pro-lift hydraulic bottle jacks that were manufactured in Kansas City, Missouri, and purchased from a vendor located in Burns-ville, Minnesota. The jacks were used to lift the floor of the Dilsavers’ home, allowing access to Roger’s to perform the foundation repair.
The trial court denied the Dilsavers’ motion to reconsider on September 26, 2001, and entered a judgment accordingly. The Dilsavers filed a notice of appeal to the Alabama Supreme Court on November 6, 2001; that court transferred the appeal to this court pursuant to § 12-2-7, Ala.Code 1975.
Rule 4(d), Ala. R.App. P., adopted effective October 1, 2001, provides that both the denial and the granting of a motion to compel arbitration are reviewed by appeal. Before the adoption of Rule 4(d), the granting of a motion to compel arbitration was reviewed by a petition for a writ of mandamus. The Dilsavers filed their notice of appeal on November 6, 2001; therefore, the trial court’s judgment granting the motion to compel arbitration is to be reviewed by appeal. Rule 4(d), Ala. R.App. P.
“[T]he standard of review of a trial court’s' ruling on a motion to compel arbitration at the instance of either party is a de novo determination of whether the trial judge erred on a factual or legal issue to the substantial prejudice of the party seeking review:” Ex parte Roberson, 749 So.2d 441, 446 (Ala.1999). “The party seeking to compel arbitration has the burden of proving the existence of a contract calling for arbitration and proving that that contract evidences a transaction affecting interstate commerce.” Fleetwood Enters., Inc. v. Bruno, 784 So.2d 277, 280 (Ala.2000). “ ‘[A]fter a motion to compel *554 arbitration has been made and supported, the burden is on the non-movant to present evidence that the supposed arbitration agreement is not valid or does not apply to the dispute in question.’ ” Fleetwood Enters., Inc., 784 So.2d at 280 (quoting Jim Burke Auto., Inc. v. Beavers, 674 So.2d 1260, 1265 n. 1 (Ala.1995) (opinion on application for rehearing)) (emphasis omitted).
The Dilsavers contend that the trial court erred in granting Roger’s motion to compel arbitration because, they say, Roger’s failed to meet its burden of proof in that it failed to show that the contract evidenced a transaction that substantially affected interstate commerce. Pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, et seq. (“the Act”), where a contract satisfies the interstate-commerce criterion for the applicability of the Act, the Act preempts state law. Rogers Found. Repair, Inc. v. Powell, 748 So.2d 869 (Ala.1999). If the Act does not apply, “Alabama law, and specifically § 8-1-41(3), Ala.Code 1975, applies to prohibit specific enforcement of ‘[a]n agreement to submit a controversy to arbitration.’ ” Powell, 748 So.2d at 872.
This court’s disposition of the present case is governed by the decisions of our Supreme Court in Sisters of the Visitation v. Cochran Plastering Co., 775 So.2d 759 (Ala.2000), and its progeny. Under the Supreme Court’s holding in Sisters of the Visitation, five factors are relevant in determining whether a transaction substantially affects interstate commerce and whether an arbitration agreement is therefore enforceable pursuant to the Act. These factors are: (1) the citizenship of the parties and any affiliation they may have with out-of-state entities; (2) where the tools and equipment used at the project site originated and whether they had moved in interstate commerce; (3) the allocation of costs and services involved in the project; (4) subsequent movement across state lines; and (5) the degree of separability from other contracts. Sisters of the Visitation, 775 So.2d at 766; see also Alternative Financial Solutions, LLC v. Colburn, 821 So.2d 981, 984 (Ala.2001) (“ ‘As noted in Sisters of the Visitation, our analysis of this issue is necessarily fact-intensive and in making that analysis we are limited to the facts contained in the record.’ ” (quoting Brown v. Dewitt, Inc., 808 So.2d 11,
Application of Sisters of the Visitation to the Evidence Presented in this Case
(1) Citizenship of the parties and any affiliation they may have with out-of-state entities. Roger’s is an Alabama corporation with its principal place of business in Daphne. The Dilsavers are residents of Baldwin County. The contract was executed in Baldwin County and the foundation-repair work was to be performed on the Dilsavers’ house, which is located in Baldwin County. Thus, this factor does not support the motion to compel arbitration filed by Roger’s.
(2) Where the tools and equipment used at the project site originated and whether they moved in interstate commerce. It is undisputed that the jacks used to perform the foundation-repair work on the Dilsav-ers’ home were purchased by Roger’s outside of Alabama, and that those jacks were manufactured outside of Alabama. However, there is no evidence in the record indicating that the jacks were purchased specifically for the Dilsavers’ project.
In Sisters of the Visitation, the Supreme Court, after noting that “the record [was] silent as to whether [the tools and equipment] were leased or purchased specially for the project and, if so, whether they had moved in interstate commerce,” concluded that “[n]o substantial effect on interstate commerce can be developed based on [the *555 contractor’s] acquiring in interstate commerce any tools and equipment to be used in the performance of this contract.” 775 So.2d at 766.
The Supreme Court in Sisters of the Visitation also analyzed a hypothetical contract and transaction to determine whether that contract evidenced a transaction that substantially affected interstate commerce. The hypothetical involved a farmer who agreed to do work for another landowner. The hypothetical assumed that the “tools and equipment, which, although they moved in interstate commerce, were not purchased or leased solely for the farmer to perform the particular contract at issue.” 775 So.2d at 765. The Supreme Court concluded that “allowing this contract to remain outside the scope of the Act would not substantially disrupt activities that Congress intended to be subject to the Act.” Id. In other words, the court concluded that that contract did not evidence a transaction that substantially affected interstate commerce, and, therefore, did not trigger the preemptive application of the Act. See id.
Two recent Alabama Supreme Court cases that have reaffirmed the application of the five factors outlined in Sisters of the Visitation, Brookfield Construction Co. v. Van Wezel, 841 So.2d 220 (Ala.2002), and Aronov Realty Brokerage, Inc. v. Morris, 888 So.2d 348 (Ala.2002) (four Justices concurring and one Justice concurring in the result), have also reaffirmed that the second factor does not support arbitrability unless the record demonstrates the extent to which the tools and equipment moving in interstate commerce are leased or purchased specially for the project. See Van Wezel, 841 So.2d at 221 (reaffirming that “the second factor cannot support arbitra-bility unless the record demonstrates the extent to which tools and equipment moving interstate were ‘leased or purchased specially for the project.’ 775 So.2d at 766”); Morris, 838 So.2d at 357 (reaffirming that “as was the case in Sisters of the Visitation, ‘the record is silent as to whether [tools and equipment] were leased or purchased specially for the project and, if so, whether they moved in interstate commerce.’ 775 So.2d at 766”).
Both of the parties cite Powell, supra, in support of their respective positions in this case. In Powell, as in this case, the trial court entered an order granting a motion to compel arbitration. The Supreme Court reversed that order, concluding that the contract did not evidence a transaction that substantially affected interstate commerce. 748 So.2d at 872.
Powell involved a contract that contained an arbitration.clause identical to the one found in the contract in the present case. 748 So.2d at 870. Roger’s notes, however, that the record in Powell did not contain any evidence indicating that the tool (a shovel) used for the project in that case (the repair of a residential chimney) moved in interstate commerce. Id. at 871. Although the record in the present case does contain evidence indicating that the jacks moved in interstate commerce, the record does not contain any evidence that the jacks were purchased specially for the Dilsavers’ project. Based on Sisters of the Visitation and its progeny, we conclude that the evidence introduced by Roger’s pertaining to the second Sisters of the Visitation factor is not adequate to sustain the trial court’s order compelling arbitration.
(3) Intrastate versus interstate allocation of costs and services involved in the project. Roger’s offered no evidence regarding the intrastate versus interstate allocation of costs and services involved in the foundation work to be performed under the contract. Thus, this factor does *556 not support the motion to compel arbitration filed by Roger’s.
(4) Subsequent movement across state lines. No aspect of the repair work at issue, or the completed project, involved movement across state lines. This factor does not support the motion to compel arbitration filed by Roger’s.
(5) The degree of separability from other contracts. The record is devoid of any evidence that the contract was interrelated to any other contracts affecting interstate commerce. This factor also does not support the motion to compel arbitration filed by Roger’s.
In summary, the evidence in the record before us does not support the conclusion that the contract and transaction at issue affect interstate commerce to a degree sufficient to satisfy the requirements outlined by the case authority discussed above. Accordingly, the trial court’s order compelling arbitration is due to be reversed, and we remand the cause for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
YATES, P.J., and CRAWLEY, THOMPSON, and PITTMAN, JJ., concur.